UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIRECTV, Inc, a California Corporation,

    Plaintiff,

v.

MARLIN MILLIMAN,

    Defendant.

                                /

U.S. District Court
Case No. **02-74829**

Hon. AVERN COHN

MAGISTRATE JUDGE CAPEL

FILED '02 DEC -5 P4:10

Honigman Miller Schwartz & Cohn LLP
Norman C. Ankers (P30533)
Bradley H. Darling (P63176)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3583
(313) 465-7346

                                /

## COMPLAINT

Plaintiff, DIRECTV, Inc., through its attorneys, alleges as follows:

### INTRODUCTION

1.     Plaintiff DIRECTV is the nation's leading direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 10 million homes and business in the United States. DIRECTV's television programming currently includes major cable networks, studio movies and special events programming, as well as a variety of sports and other special interests programming. DIRECTV, a California company, has invested more than $1.25 billion to develop its direct broadcast satellite system.

2.     DIRECTV encrypts - electronically scrambles - its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming. DIRECTV offers its television programming to residential and business customers on a

subscription and pay-per-view basis only. Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.* unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase from DIRECTV.

3. On May 25, 2001, DIRECTV executed Writs of Seizure, with the assistance of local law enforcement, at the mail shipping facility used by several major sources of pirate technologies including White Viper Technologies. During and subsequent to the raids, DIRECTV came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts and other records. Those records evidence Defendant's purchases of illegal pirate Access Devices. In reliance upon those records and other information, and upon information and belief, DIRECTV sets forth the allegations and this complaint.

4. Defendant is a resident of this District. DIRECTV alleges that Defendant has purchased and used illegally modified DIRECTV Access Cards and other devices ("Pirate Access Devices") that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV.

5. Defendant's actions violate the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605; the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§ 2510-2521; and Michigan common law. DIRECTV brings this action to restrain these illegal activities against it.

**PARTIES**

6. Plaintiff DIRECTV, Inc. is a corporation duly incorporated under the laws of the State of California. DIRECTV has significant interests in maintaining and securing the integrity

2

of its satellite transmissions of television programming, and in prohibiting the unauthorized reception and use of the same.

7. Defendant is a resident of Carleton, Michigan. Upon information and belief, beginning on or about November 20, 2000, Defendant purchased one or more Pirate Access Devices from Future Capital Corporation d/b/a White Viper Technologies. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the United States Postal Service or commercial mail carriers. Specifically, there illegal purchases included the following transactions:

(a) On or about November 20, 2000, Defendant purchased a Pirate Access Device known as a "Viper Reader/Writer and Viper Super Unlooper" from Future Capital Corporation d/b/a White Viper Technologies. The device was shipped to Defendant at his residence in Carleton, MI.

## JURISDICTION AND VENUE

8. This action arises under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Electronics Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§ 2510-2521.

9. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 47 U.S.C. § 605(e)(3)(A) an 18 U.S.C. § 2520(a), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims asserted herein.

10. Defendant is a resident of this District. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391(b).

## FIRST CLAIM
## UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS
## IN VIOLATION 47 U.S.C. § 605(a)

11.     Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 10 as if set forth fully herein.

12.     Defendant has received and assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a).

13.     Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

14.     Defendant knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, Defendant will continue to violate 47 U.S.C. § 605(a).

## SECOND CLAIM
## UNAUTHORIZED INTERCEPTION OF SATELLITE COMMUNICATION
## IN VIOLATION 18 U.S.C. § 2511(1)(a)

15. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 14 as if set forth fully herein.

16. By using Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, Defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. §2511(1)(a).

17. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

18. Defendant knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such contained violations. Unless restrained by this Court, Defendant will continue to violate 18 U.SC. § 2511(1)(a).

## THIRD CLAIM
## POSSESSION OF PIRATE ACCESS DEVICES
## IN VIOLATION 18 U.S.C. § 2511(1)(b)

19. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 18 as if set forth fully herein.

20. Defendant has used Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, with intent to avoid payment of the lawful charges therefor, by trick, artifice, deception, use of a device or decoder, and other fraudulent means, without authority from DIRECTV, in violation of 18 U.S.C. § 2512(1)(b).

21. Defendant has possessed Pirate Access Devices, with intent to avoid payment to DIRECTV of the lawful charges for its programming, that are designed in whole or in part to receive subscription television services offered for sale by DIRECTV, without authority of DIRECTV, in violation of 18 U.S.C. § 2512(1)(b).

22. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

23. Defendant knew or should have known that possessing Pirate Access Devices was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, Defendant will continue to violate 18 U.SC. § 2512(1)(b).

## FOURTH CLAIM
## CONVERSION

24. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 23 as if set forth fully herein.

25. By importing, possessing and using Pirate Access Devices, Defendant has unlawfully converted to their own use and benefit property belonging to DIRECTV.

26. Such conversion was done intentionally and wrongfully by Defendant to deprive DIRECTV of its proprietary interests and for Defendant's direct benefit and advantage.

27. As a direct and proximate result of Defendant's unlawful acts, DIRECTV has suffered and continues to suffer damages, including lost subscription and pay-per-view revenues and other valuable consideration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DIRECTV requests that this Court grant the following relief:

(1) Find the Defendant's conduct in importing, possession and using Pirate Access Devices violates 47 U.S.C. § 605(a) and (e)(4), 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b), and Michigan common law, and further find that Defendant's violations were willful, malicious or for a tortious or illegal purpose:

(2) In accordance with 47 U.S.C. § 605(e)(3)(B)(i) and 18 U.S.C. § 2520(b)(1), enjoin and restrain Defendant, and persons controlled directly and indirectly by Defendant, from importing, possessing, or using Pirate Access Devices, and further order Defendant to surrender all Pirate Access Devices;

(3) In the event of a default, an award of statutory damages of $10,000 for each Pirate Access Device imported into the United States in violation of 47 U.S.C. § 605(e)(4), and a further award of DIRECTV's reasonable attorneys' fees and costs in the amount of $850;

(4) In the event of trial, an award of either (a) statutory damages in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(II) and 18 U.S.C. § 2520(c)(2), or (b) compensatory and punitive damages in accordance with 605(e)(3)(C)(i)(I), 18 U.S.C. § 2520(c)(2); and DIRECTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C. § 605(e)(3)(B)(iii), and 18 U.S.C. § 2520(b)(3);

(5) For such additional relief as the Court deems just and equitable.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By: _____
Norman C. Ankers (P30533)
Bradley H. Darling (P63176)
Attorneys for Plaintiff
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3583
(313) 465-7346

Dated: December 5, 2002

DET_C\524509.1